## The People, on the relation of the Attorney General, v. The Grand Blanc and Holly Plank Road Company.

The clause in the fiftieth section of the General Plank Road Act of 1851, which provides that any subsequent alteration or amendment of the act shall not operate as an alteration or amendment of the corporate rights of companies formed under it, unless specially named in the amendatory act, was inserted solely for the protection of the companies formed under the act, and does not prevent the Legislature, by general amendment, from removing any restrictions, or releasing or diminishing any obligation or burden imposed upon such companies by the general act.

And consequently companies formed under said act may, as to the road subsequently constructed, claim the benefit of the act of 1859 (*Laws of* 1859, *p.* 155), which permits them to adopt a grade of not exceeding one foot in ten, instead of one foot in twenty as under the general act.

*Submitted on briefs July 9th.   Decided July 21st.*

Information in the nature of a quo warranto, to forfeit the rights and franchises of the defendants. The plea of the defendants set up their incorporation under the General Plank Road Act of 1851, and averred a compliance with all the provisions and requirements of law to constitute them a body politic and corporate. To this plea three replications were filed, only one of which is important to be noticed here, and that and the subsequent pleadings are sufficiently stated in the opinion.

*A. Russell,* for the People.

*Backus & Harbaugh,* for the defendants.

CHRISTIANCY J.:

The first replication alleges, as a ground of forfeiture, that the road was not constructed of such grade as not to exceed an ascent or descent (upon any part thereof) of more than one foot in twenty feet, as required by the twenty-eighth section of the General Plank Road Law of 1851,—*Comp. L.* § 1908.

To this the defendants rejoin, admitting the construction upon a grade of more than one foot in twenty, but not exceeding one foot in ten; and justify under the amendment

of the twenty-eighth section, approved February 7th, 1859 (*Laws* 1859, *p.* 155), which they allege took effect before the construction of their road, and which changes the required grade from one foot in twenty feet to one foot in ten.

To this rejoinder a demurrer is interposed. The only ground upon which the demurrer is sought to be maintained, is that this company is not "especially .named" in the amendatory act of 1859; and it is insisted that by the fiftieth section of the general act of 1851 (*Comp. L.* § 1930), no company can claim any benefit from an amendment of this general law unless especially named in the amendatory act. The fiftieth section is in the following words: "The Legislature may at any time alter, amend or repeal this act; *but such alteration or amendment shall not operate as an alteration or amendment of the corporate rights of companies formed under it, unless especially named in the act so altering or amending this act;* and the Legislature may amend or repeal any corporation formed or created under this act; but such alteration, amendment, annulling . or repealing shall not, nor shall the dissolution of any such company, take away or impair any remedy given for or against any such corporation, its stockholders or officers, for any liability which shall have been previously incurred."

The general purpose of this section was to *reserve to the Legislature* a power of amendment and repeal, by which the rights of companies formed under it might be affected or impaired without the consent of such companies; and the clause relied upon in support of the demurrer is but a restriction or modification of that right reserved by the previous general words; and this restriction or modification was inserted solely for the protection of such companies. It is, in substance and effect, but a stipulation that the corporate rights of such companies as may have been formed under this general act shall not be affected to their

prejudice, or against their consent, by any alteration of the general act not having express reference to the particular companies intended to be thus affected. In other words, that, to impair any right of, or to impose any new obligations upon, such companies by alteration or amendment, the legislative will must be exercised, not generally, but with special and express reference to each particular company intended to be thus affected, that each company may, in such a contingency, stand upon its own merits.

When considered in connection with the whole act, we see nothing in this section which can be properly construed as intended to prevent the Legislature, by general amend: ment, from removing any restrictions, or releasing or diminishing any obligation or burden imposed upon such companies by the general act.

The amendatory act of 1859 was intended to relieve plank road companies from the more onerous obligation of constructing their roads with a grade of not more than one foot in twenty feet, and to allow them, if they so elect, to adopt a grade not exceeding one foot in ten, which requires less labor and expense. We can therefore have no doubt of the right of any company to claim the benefit of this act whose road was constructed after the act took effect. The case does not call for an opinion upon roads previously constructed.

The demurrer must be overruled, with leave to surrejoin.

The other Justices concurred.