THE PONTIAC & LAPEER PLANK-ROAD COMPANY v.
NORTON HILTON.

*Plank-road companies—Construction of road within municipality—
Penalty for forcibly passing toll-gate—Obstructior
of street—Nuisance.*

1. Where the charter of a plank-road company authorized it to con-
struct its road *from* the village of Pontiac *to* the village of Lapeer,
and it extended said road for about three-quarters of a mile
*within* the corporate limits of the first-named village and estab-
lished and maintained a toll-gate therein, the company cannot
collect the statutory penalty for forcibly and illegally passing
said gate.

2. He who sues to recover a penalty has the burden of proving the
existence of such a state of facts as entitles him to its enforce-
ment; and any testimony which tends to disprove the existence
of such facts is admissible in defense to such an action.

3. A plank-road company, having no right under its charter to main-
tain its road within the corporate limits of a city, cannot gain
such rights by user.

4. An unauthorized obstruction of a public street is a public nuis-
ance, which any citizen desiring to travel along the street may
abate, if he can do so without a breach of the peace.

5. Any person or corporation in this State who claims authority to
obstruct a public street by erecting a gate across it, whether he
or it exacts tolls for the use of the street or not, must show some
grant either directly or mediately from the Legislature.

Error to Oakland.    (Stickney, J.)    Argued February 9,
1858.    Decided March 2, 1888.

Debt for a statutory penalty.    Defendant brings error.
Reversed.    The facts are stated in the opinion.

*J. W. Robbins,* for appellant.

*J. Ten Eyck,* for plaintiff.

CHAMPLIN, J.    The plaintiff brought this action before a

justice of the peace against the defendant to recover the penalty prescribed by section 17 of the plank-road act of 1848 for forcibly and illegally passing the gate of the plaintiff.

The defendant, having been defeated before the justice, appealed to the circuit court for the county of Oakland, and a judgment was again recovered by the plaintiff for the sum of $15.

The plaintiff's declaration set forth that plaintiff was organized under the act of 1848, and the act complained of was forcibly and illegally passing the gate of the company situated on the line of its road in the city of Pontiac.

The charter of the plaintiff authorized it to construct a plank-road "from the village of Pontiac to the village of Lapeer." The company did in fact construct a plank-road from Saginaw street, in the village of Pontiac, through Mt. Clemens street, and so on for 10 miles, and it located the gate No. 1, which is the gate in question, about three-quarters of a mile from Saginaw street within the corporate limits of the village, and it has used the part of the road in the village as a part of its plank-road ever since, except when the gates were thrown open on account of mud in the spring, or snow in the winter.

The defendant, claiming that the company had no right to erect a gate or demand toll of any person traveling the streets of the village (now city) of Pontiac, forcibly passed the gate and refused to pay toll. There is no evidence to show that he had traveled over any portion of the plank-road outside of the corporate limits of the city.

The defendant's counsel requested the court to instruct the jury as follows:

"That if the jury find from the evidence in this cause that the gate in question was not within the limits of the said road as prescribed by plaintiff's charter, then their verdict must be for the defendant." Also, "That there is a material variation between the evidence and the declaration in this cause, and the plaintiff cannot recover."

The court refused these requests, and in his charge stated the claims of the respective parties, and instructed the jury as follows:

" The court instructs the jury that in this proceeding the defendant is not in a position, under the proofs, to question the plaintiff's corporate existence. If the plaintiff has for a series of years kept and maintained a toll-gate in the city of Pontiac, and claimed it as a part of its franchise under its act of incorporation, I do not think in these proceedings the defendant is in a position to question plaintiff's corporate existence. If the jury find that the defendant did illegally and forcibly pass through the toll-gate in question, the plaintiff could recover in this action the penalty fixed by statute, not exceeding twenty-five dollars. And if you find that he did not so pass through the gate, then your verdict will be for the defendant."

The learned court was right in instructing the jury that the defendant was not in a position to question the plaintiff's corporate existence.

Although it be conceded that the plaintiff is a body corporate, and as such has constructed and used a plank-road authorized by its charter, erected toll-gates, and exacted tolls, it does not follow that the defendant has incurred the penalty prescribed by section 17 of the act of 1848 which the plaintiff can recover. That act required that the incorporating company should in its act specify the point or place from which and to which the road is to be constructed; and by section 17 it was enacted that whenever such company shall have completed its road, or any five consecutive miles thereof, the directors might erect toll-gates, and exact tolls from persons traveling on its road; and in the same section it was provided—

" That if any person shall forcibly and illegally pass any of the gates provided by this act, he shall forfeit and pay to the said company a sum not exceeding twenty-five dollars for each and every such offense, to be recovered for the benefit of said company, before any justice of the peace of the county in which such gate is situated."

A supplemental act passed in 1855 repealed so much of section 17 as gave the right to take toll when the company should have completed any five consecutive miles of its road. But this does not affect the present question; if, indeed it could be repealed as to this company without especially naming it in the repealing act. See section 50 of the act of 1851; *People v. Plank-road Co.*, 10 Mich. 400.

The present action is not brought to enforce a franchise. The sum for which suit is brought is not for tolls, but it is to collect a penalty. Its right to collect this penalty is contested, and the contest does not involve either the existence of the plaintiff as a corporation, or the exercise of a corporate franchise.

He who sues to recover a penalty has the burthen of proving the existence of such a state of facts as entitles him to enforce the penalty; and any testimony which tends to disprove the existence of such facts, is admissible in defense to such action.

The plaintiff's right to construct a plank-road was confined to the *termini* named in the incorporating act; and it needs no argument to show that toll-gates for the purpose of exacting and receiving tolls can only be erected between such *termini*. A charter to construct a plank-road from a city to another city or place would not authorize the company to erect its toll-gate and exact toll upon one of the thoroughfares in the city. Such an idea is preposterous, and it does not become tenable by antiquity, nor because the company saw fit to extend its planking beyond its *termini* into the streets of the municipality. The penalty in this case can only be recovered, if at all, from the fact that the toll-gate is one the plaintiff has a right to maintain where it is. If it has no right under its charter to maintain it in the streets of the city of Pontiac, no person can be guilty of forcibly or illegally passing the same.

I do not think it can establish such right from user, or

because it has become accustomed for several years to do so. An unauthorized obstruction across a public street is a public nuisance, which any citizen desiring to travel along the the street may abate, if he can do so without a breach of the peace. Any person or corporation in this State who claims authority to obstruct a public street by erecting a gate across it, whether he exacts tolls for the use of the street or not, must show some grant either directly or mediately from the Legislature.

It is suggested in the brief of counsel for the plaintiff that had it been necessary plaintiff was prepared to prove that the survey of its road under sections 12 and 13 of the act of 1848 was legally made and adopted by the company as the route of its road, from the eastern line of the village boundary to Saginaw street in the central part of the village. As this evidence is not in the case, we cannot well determine how it can be affected by it. In the charter of the Detroit & Erin Plank-road Company the *termini* were stated to be " from the city of Detroit, in the county of Wayne," etc., " to," etc. This Court held that the rights of the company under that charter terminated at the city line as then established. " They could neither extend their road, nor construct a gate within the city." *City of Detroit v. Plank-road Co.*, 12 Mich. 333.

And it was held in *Bridge Co. v. Prange*, 35 Mich. 400, which was an action brought to recover tolls, that it was competent to show that the term limited by the board of supervisors in which the company might take toll had expired, and, although the corporation for several years after the time limited had expired continued to take toll, yet the defense could be made in a private action. In that case the point most relied on was that the corporate powers which the bridge company claimed, the State did not contest, and that they could not be attacked in that collateral way and contested in a private suit. The general rule was admitted.

But it was pointed out in that case, and the same is true in this, that the question in issue was not one of corporate existence or of forfeiture. The defense it was said might be perfectly valid, and still the corporate existence be untouched. The learned Chief Justice, after pointing out the distinction between the franchise to take toll and the other franchises of the corporation, the former being limited to 20 years, said.

"There was no longer color of law for taking tolls; and the failure of the State to institute proceedings could no more continue the franchise or restore it to life than the like failure in the case of one who should erect a gate across a common highway and levy like tolls. When the twenty years expired, the defendant had a right to refuse to pay any longer, and every other person had the like right. If all others acquiesced, their action could not bind the one who refused."

In the *Bridge Co. Case* the plaintiff had at one time a grant to take toll for crossing the bridge, but it had expired by lapse of time. In the present case the plaintiff never had a grant to take toll in the corporate limits of the village of Pontiac. One had expired, and the other never existed. This was conclusive against the plaintiff's right to recover the penalty sued for.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.