PEOPLE v. SEVERANCE.

1. NUISANCES — ABATEMENT — OBSTRUCTION IN STREET — BOAT-HOUSE.

A boat-house built in a river at the foot of a public street, in such adjacency to respondent's premises as to destroy a passage desired by him for ingress and egress, constituted a nuisance, which respondent, after notice to the owner and the latter's refusal to remove it, was justified in abating so far as was necessary to secure to himself the right of way; the same being accomplished without breach of the peace.

2. SAME—ASSENT—ESTOPPEL.

One's assent to the erection of a nuisance will not estop him from afterwards demanding that the nuisance be abated.

Exceptions before judgment from Ingham; Wiest, J. Submitted November 16, 1900. Decided January 29, 1901.

Horace B. Severance was convicted of malicious injury to a building. Reversed, and respondent discharged.

*Lewis Severance*, for appellant.

*Arthur J. Tuttle*, Prosecuting Attorney, for the people.

Long, J. The respondent was convicted in the Ingham circuit court, before a jury, with having willfully and maliciously destroyed and injured a certain building, to wit, the boat-house of one Reuben E. Brackett, situated in Grand river, at the foot of Lenawee street east, in the city of Lansing, by sawing said building in two, and tearing off the west end of the same, the building having been damaged, as alleged, to the amount of $25. The action against the respondent was brought for the violation of section 11584, 3 Comp. Laws 1897, which provides:

"Every person who shall willfully and maliciously destroy or injure any house, barn, or other building of another, or the appurtenances thereof, if the damage resulting from such injury * * * shall not exceed $25, shall be punished," etc.

It appears that the respondent was a tank manufacturer, and carried on business on land owned by him at the foot of Lenawee street east, on the north side of the street, on the bank of Grand river. Lenawee street east extends to the Grand river. Some time in the year 1897, Reuben E. Brackett, claiming to have received the consent of the mayor and of several individual members of the common council of the city of Lansing, erected a boat-house in Grand river at the foot of Lenawee street east. It extended some 26 or 27 feet into the water from the bank. It is the claim of Mr. Brackett that, before the boat-house was built, he consulted respondent, Severance, about it, and that respondent drove the stake marking the corner where the boat-house was to rest. In 1899 respondent's business had increased to such an extent that he desired the use of the rear end of his lot on the river for the purpose of piling lumber, and in order to have such use he was compelled to have a driveway to it to get his lumber in and out. Brackett's boat-house stood so near respond-

ent's land that it was impossible for him to use the back end of his lot for such purpose without the removal of the boat-house or some portion of it.   Respondent claims that he went to see Mr. Brackett in the summer of 1899, and asked him to remove it; that Brackett agreed to do this, but that he put off the period of removal until December, when respondent informed him that he must move it or he (respondent) would move it himself; that Brackett paid no further attention to the matter, when, in the same month, respondent sawed off about 12 feet of the boat-house for the purpose of making the driveway.   Brackett owned no land where the boat-house stood, and it is con-clusively shown that it was impossible for the respondent to enter upon his premises with teams by reason of the location of the boat-house.

Respondent asked the court to charge as follows:

"It is the law of this State that a private individual may abate a nuisance, either public or private, that is injurious to himself, so far as it is necessary to stop or prevent the injury, provided he can do so without com-mitting a breach of the peace.   And in this connection I say to you that if you find that the boat-house of com-plaining witness, Brackett, obstructed . or impeded the respondent in any degree in the full enjoyment of his property, then respondent must be acquitted by you, as it is conceded that he removed the obstruction without any breach of the peace.

"No person has a right to erect a permanent structure in the public highway, whether on land or water; and, as it is conceded that the boat-house of Brackett was in the highway, he was to that extent himself a tres-passer, and had no rights in the use of the soil for such purpose which the abutting owner was bound to respect, as it is the law that a trespasser cannot justify his acts against an abutting owner on the grounds of a right of easement in the general public."

These requests were refused, and the court charged the jury as follows:

"It is willful injury or destruction of property from ill-will or resentment towards its owner which is the gist of

the offense. The injury must be such as to impair its utility. If it has not been shown that the injury was wanton, or if it was done under the belief that respondent had a right to commit it, and not from malicious motive, the offense has not been committed. If, at the time the respondent committed that act, he believed he had a right to remove that building, and did it solely for the purpose of opening a way to his premises, so that he might have a road or access to his premises,—if that was the sole and only purpose,—then it would be your duty to acquit. But if you find that under that pretense, or if you find that was a mere pretense of access to his premises, that it was a pretense that he used for the purpose of accomplishing the malicious destruction or the malicious injury of Mr. Brackett's property, that he used it merely as a pretense, then it would not bar a conviction in this case.

"You will notice that the statute uses the word 'malice.' Malice is the gist of the offense, for without malice it would be a trespass. Unless you find from the evidence in this case that when respondent committed this act he was actuated by malicious motives, then it would be your duty to acquit, even though it was the destruction of Mr. Brackett's property. He must have done the same maliciously. A malicious act is where a man does that which is illegal, and which in its necessary consequence must injure another, and a malicious injury is an injury committed willfully and wantonly, and without cause; and in this case a malicious intent is essential, and unless you are satisfied from the evidence, beyond a reasonable doubt, that the injury was done to the boat-house by respondent with malicious intent to injure the same, you should acquit him. The act, however, need not have been inspired by any particular wantonness or revenge against the owner of the property. But the act, if you find that the same was willful, and done with the intent and purpose of destroying or injuring the boat-house of Brackett, regardless of the rights of Brackett, may be considered by you in determining whether the same was done maliciously.

"Something has been said in this case about the abatement of a nuisance. I charge you that, under the evidence in this case, the boat-house, situated where it was, under the circumstances as testified to in this case, was not a nuisance of that character that would permit its destruction by a private citizen. So that, so far as the

abatement of the nuisance was concerned, under the evidence in this case, it is absolutely beyond your power to acquit the respondent on that theory. But if, as I said before, the respondent believed that that was an encroachment on his rights, and solely for the purpose of getting better access to his premises he removed a part of that boat-house, then it was a trespass, and it does not come within this criminal statute. But if he simply used that as a pretense, or if he told others that that was his purpose, when in fact that was not his purpose, but his purpose was to destroy or injure maliciously the property of Brackett, then he would come within the provisions of this statute.

"You are not in this case to determine the boundaries of any one's premises. The question of title is not in this case. It is merely a question for you to determine as to the motive which actuated the respondent. If his motive was, as I said before, merely to obtain a better access to the place, then he is not guilty. But if that was a pretense, and his motive was maliciously to destroy the property of Brackett, or to injure the property of Brackett, or motive of revenge or wantonness or willfulness, then it comes within the statute."

We think the court was in error in refusing the requests to charge, and also in the charge as given. It is well settled in this State that any person injured by a nuisance to the extent that he may maintain an action at law therefor may remove so much of the nuisance as is necessary to secure to himself immunity from damage therefrom; but he must not be guilty of any excess therein, for as to all excess of abatement he will be a trespasser. This rule is taken from Wood, Nuis. (3d Ed.) § 844, and quoted with approval in *Hickey* v. *Railroad Co.*, 96 Mich. 501 (55 N. W. 989, 21 L. R. A. 729). Also that case quotes from section 848 of the same work, as follows:

"The party judges at his peril, and, if he errs in judgment, he is answerable for all the damages that ensue; and if, in the exercise of the right, a breach of the peace is involved, he is answerable by indictment for the result."

In the present case there is no claim that there was any breach of the peace.

There seems to be no dispute but that the building, standing as it did, destroyed the passage which the respondent had the right to use for ingress and egress to his premises from the highway in front of his premises.   The mere fact that the boat-house stood in the waters of Grand river, instead of upon the land on Lenawee street, gave Mr. Brackett no right to have it continued there.   The respondent's premises extended to the thread of the stream in Grand river, and the boat-house obstructed his entrance thereon. The court should have directed the jury that the building, standing at the foot of this public thoroughfare, though in the waters of Grand river, being so near to respondent's premises that it shut off his ingress and egress, was a nuisance in fact.   When Mr. Brackett refused to move the boat-house after notice, the respondent had the right to abate the nuisance, and the jury should have been so instructed.   Whether an obstruction in the street is or is not a nuisance is usually a question of fact for the jury, and not a question of law; but the testimony in this case, which is uncontradicted, establishes the fact conclusively that the boat-house was a nuisance.   As a general legal proposition, the public has the right to use every part of a public highway.   In *Hart* v. *Mayor, etc., of Albany*, 9 Wend. 571 (24 Am. Dec. 165), it was said:

"This float, if permanently moored and continued in the open part of the river, thereby rendering the navigation less safe and convenient, would, I apprehend, most clearly be a public nuisance, liable to be indicted as such, or to be abated, without indictment, by any individual who might be injured or aggrieved by it."

It was held in *Pontiac, etc., Plank-Road Co.* v. *Hilton*, 69 Mich. 115 (36 N. W. 739), that any unauthorized obstruction of a public street is a public nuisance, which any citizen desiring to travel along the street may abate ·if he can do so without a breach of the peace.

The mere fact that the respondent assented to the building of the boat-house would not estop him from demand-

ing that the nuisance be abated. *Pilcher* v. *Hart*, 1 Humph. 524.

It will be seen from what we have said that the court below was in error in stating that the boat-house was not a nuisance of that character that would permit its destruction by a private citizen.

We think the court was also in error, in his charge as given, in stating that if the jury found that respondent made it a pretense that he desired an approach to his property, but that his motive was to maliciously destroy the property of Brackett, or to injure it, or if they found he was actuated by motives of revenge or wantonness, his offense would come within the statute. We find nothing in the record which authorized the court to submit such question to the jury. At most, it could not have been more than a trespass, and the respondent apparently acted within what he considered the scope of his rights in the abatement of a nuisance by which he was injured in his property rights.

The conviction must be reversed, and the respondent discharged.

The other Justices concurred.