PEOPLE v CULP

Docket No. 52875. Submitted June 3, 1981, at Grand Rapids.—Decided August 5, 1981. Leave to appeal applied for.

Kenneth E. Culp was convicted of malicious destruction of property and resisting or obstructing a police officer in the discharge of his duty, Livingston Circuit Court, Paul R. Mahinske, J. He appeals, alleging that the trial court erred in failing to instruct the jury that specific intent is an element of malicious destruction of property and that voluntary intoxication is a defense to that crime. *Held:*

The trial court erred in failing to give defendant's requested instruction. To commit the crime of malicious destruction of property, a defendant must have the intent to injure or destroy the property, and where a defendant becomes voluntarily intoxicated, so that he in fact does not have the requisite intent, he cannot be convicted of the crime. Defendant produced testimony during trial which would warrant giving the instruction.

Reversed and remanded.

1. CRIMINAL LAW — SPECIFIC INTENT CRIMES — STATUTORY DEFINITIONS.

Proof that a defendant had a specific intent to commit an act which constitutes an offense as well as proof that he actually committed the act must be made to sustain a conviction of the offense where the offense is defined by statute to consist of the act combined with the specific intent to commit it.

2. CRIMINAL LAW — SPECIFIC INTENT — STATUTORY DEFINITIONS.

It is not necessary that the statutory definition of a crime contain an express requirement of intent to necessitate proof of specific intent to sustain a conviction of the crime where the act,

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 130.
   30 Am Jur 2d, Evidence § 1172.
[3] 52 Am Jur 2d, Malicious Mischief § 8.
[4] 52 Am Jur 2d, Malicious Mischief § 12.
[5] 75 Am Jur 2d, Trial § 743.

committed without the specific intent, would not meet the statutory definition of the crime.

3. CRIMINAL LAW — MALICIOUS DESTRUCTION OF PROPERTY — SPECIFIC INTENT CRIMES.

Conviction of malicious destruction of property, to be sustained, must be based on proof of a defendant's specific intent to do damage to certain property *or* to injure the owner of the property in addition to proof of actual damage (MCL 750.377a; MSA 28.609[1]).

4. CRIMINAL LAW — MALICIOUS DESTRUCTION OF PROPERTY — SPECIFIC INTENT CRIMES — INTOXICATION DEFENSES — STATUTES.

A defendant who voluntarily becomes so intoxicated as to be unable to form the specific intent to damage certain property or to injure the owner of the property cannot be convicted of malicious destruction of property (MCL 750.377a; MSA 28.609[1]).

5. CRIMINAL LAW — APPEAL — JURY INSTRUCTIONS — MALICIOUS DESTRUCTION OF PROPERTY — INTOXICATION DEFENSES — STATUTES.

Failure by a trial court to give a defendant's requested instruction on the defense of intoxication in a prosecution for malicious destruction of property constitutes error requiring reversal where the defendant produced some testimony during trial which would warrant the instruction (MCL 750.377a; MSA 28.609[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Frank R. Del Vero,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

ALLEN, J. Does the offense of malicious destruction of property, MCL 750.377a; MSA 28.609(1), require a finding of specific intent? The question

---

* Circuit judge, sitting on the Court of Appeals by assignment.

raised is of first impression. On April 16, 1980, defendant was found guilty by a jury of malicious destruction of property and resisting or obstructing a police officer in the discharge of his duty, MCL 750.479; MSA 28.747. Sentenced to one year in jail, he appeals of right.

Defendant was charged with damaging an automobile belonging to David and Martha Simmerman. Testimony established that at approximately 8:30 p.m. on October 17, 1979, defendant beat on the automobile with his hands and feet while it was parked in front of the Simmerman home. Approximately $350 worth of damage resulted.

Several witnesses testified that the defendant appeared intoxicated at the time of the offense, although no testimony was presented during trial regarding the quantity of alcohol consumed. At the preliminary examination, Howard VanValkenburgh testified that he had been with defendant from 1:30 p.m. until 8:30 p.m. on October 17, 1979, and that the two had consumed a substantial quantity of whiskey during that time.

A City of Howell police officer, responding to a call at 8:45 p.m. on October 17, 1979, asked the defendant for identification, told the defendant that he was under arrest, and attempted to place him in the patrol car. The officer said that defendant began fighting and kicked him in the thigh as defendant was being pulled into the patrol car. While in the car, the defendant used loud and vulgar language and spat on a police officer's coat.

During trial, the defendant asked the court to instruct the jury that specific intent is an element of malicious destruction of property and that voluntary intoxication is a defense to that crime. The court refused, and defendant, on appeal, claims that the refusal to instruct the jury on voluntary intoxication constituted error requiring reversal.

The defendant was charged under MCL 750.377a; MSA 28.609(1), which provides:

"Any person who shall wilfully and maliciously destroy or injure the personal property of another, by any means not particularly mentioned or described in the preceding section, if the damage resulting from such injury shall exceed $100.00, shall be guilty of a felony. If the damage done shall be $100.00 or less, such person shall be guilty of a misdemeanor."

If the statute requires a finding of specific intent, voluntary intoxication may be shown to negate that intent. *People v Kelley,* 21 Mich App 612; 176 NW2d 435 (1970). No Michigan case law has determined whether this statute in question contains a specific intent element. This Court therefore must determine whether a specific intent must be shown to sustain a conviction for malicious destruction of property.

Specific intent is a nebulous concept. In *Roberts v People,* 19 Mich 401, 414 (1870), the Supreme Court distinguished between general and specific intent, holding that:

"[W]hen a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found by the jury, as matter of fact, before a conviction can be had."

Specific intent has been held to be an element of statutory crimes that include an express requirement of intent. In *People v Jones,* 228 Mich 426; 200 NW 158 (1924), assault with intent to murder was observed to be a specific intent crime; in *People v Berryhill,* 8 Mich App 497; 154 NW2d 593 (1967), specific intent was found to be an element of assault with intent to do great bodily harm less than murder; and in *People v Stram,* 40

Mich App 249; 198 NW2d 753 (1972), assault with intent to rob being armed was recognized as requiring a showing of specific intent.

Specific intent has been held to be an element in some statutory crimes that do not state an intent element. In *Kelley, supra,* 619, this Court observed that convictions for crimes involving larceny, such as armed robbery and burglary, require a showing of specific intent because a larceny is not merely a wrongful taking, which would be a mere trespass, but is a wrongful taking with felonious intent.

The malicious destruction of property statute does not contain the word "intent" but does require that the conduct be "willful and malicious". The Michigan Criminal Jury Instructions define these terms:

"The phrase 'wilfully and maliciously' means that the defendant (1) committed the act, (2) while knowing it to be wrong, (3) without just cause or excuse, and (4) did it intentionally or (5) with a conscious disregard of known risks to the property of another." CJI 32:1:01.

The commentary to the jury instructions states that there must be a willful act aimed at the property in question and an intent to do damage. CJI, Commentary, p 32-13.

The word "willfulness" has been called a "word of many meanings, depending upon the context in which it is used". *People v Cook,* 89 Mich App 72, 85; 279 NW2d 579 (1979). This Court held that "willfully" in the joyriding statute, MCL 750.413; MSA 28.645, requires a showing of specific intent to take possession of a vehicle. *People v Lerma,* 66 Mich App 566, 571; 239 NW2d 424 (1976). In so doing, the Court recognized that "willfully" has been variously defined as an "evil intent", a "bad purpose", or a "guilty knowledge". The Court gave

two reasons for holding that "willfully" in the joyriding statute means specific intent. First, the Court cited one prior case, *People v Limon,* 4 Mich App 440; 145 NW2d 287 (1966), for the proposition that "willfully" is a separate and distinct element of joyriding, and it interpreted the separate element as something more than the mere physical act of driving away a vehicle without authority. Second, the Court recognized that joyriding is classified among the larceny statutes, which include a specific intent.

Like "willful", "malice" is a term of various meanings, depending upon its context. In *People v Tessmer,* 171 Mich 522; 137 NW 214 (1912), the Supreme Court distinguished general malice from malice directed at a particular object. The general malice is that required for any criminal conduct, while a particular malice is that which is directed at an object.

While a Michigan appellate court has never determined whether "willful and malicious" in the malicious mischief statute should be interpreted to mean the broad general intent or a narrower intent, the Supreme Court did address the problem in the context of the now-repealed statute proscribing interference with the business of a railroad, 1877 PA 11, § 2; How Stat, § 9275, repealed by 1891 PA 23, which includes a willful and malicious element. In *People v Petheram,* 64 Mich 252; 31 NW 188 (1887), the Court distinguished the railroad statute from the common-law crime of malicious mischief, observing that the common-law crime requires that the malice be directed against the owner of the property but finding that the railroad statute requires a showing of only general malice. The Court found that the act of destroying railroad property was sufficient to furnish the

presumption of malice. *Id.,* 264. See also *Tessmer, supra.* Similarly, in *People v Iehl,* 100 Mich App 277, 280-281; 299 NW2d 46 (1980), this Court held that the statutory crime of willfully and maliciously killing a dog owned by another required no showing of malice directed at a particular object.

Unlike the statutory crimes discussed in *Petheram* and *Iehl,* the malicious destruction of property statute under which this defendant was charged is an affirmance of the common-law crime of malicious mischief. We therefore interpret the statute consistently with the common-law crime and find that in order to convict under the statute a specific intent to damage property or to injure its owner should be found.

Even if the malicious destruction of property statute were not an embodiment of the common-law crime, specific intent would be a necessary element. This Court has observed that such an intent is required to commit the crime of larceny, for without that element, larceny would be a mere trespass. *Kelley, supra,* 621. Similarly, if a defendant lacking the intent to damage property injures that property, he has committed only a trespass. *People v Severance,* 125 Mich 556; 84 NW 1089 (1901).

We find that in order to commit the crime of malicious destruction of property, a defendant must have the intent to injure or destroy the property. If a defendant voluntarily becomes so intoxicated that he in fact does not have the requisite intent, he cannot be convicted of the crime. *People v Crittle,* 390 Mich 367, 374; 212 NW2d 196 (1973). As defendant produced some testimony that would warrant giving defendant's requested instruction on intoxication, failure to give that instruction was error. *People v Hansma,* 84 Mich App 138, 145-147; 269 NW2d 504 (1978).

Defendant also argues that the trial court erred in refusing to admit the preliminary examination testimony of Howard VanValkenburgh, who had testified that he observed defendant drink a quantity of whiskey on the afternoon and evening of the crime. As it is necessary to remand this case for a new trial for other reasons, we decline to address this issue.[1]

Reversed and remanded for a new trial.

---

[1] On appeal, the parties dispute whether defendant exercised due diligence in attempting to produce VanValkenburgh, thus making him an unavailable witness under MRE 804(a)(5). We believe that a substantial question exists as to whether the defense, as well as the prosecution, must demonstrate due diligence before a witness will be considered "unavailable". As neither party addressed this issue in the trial court or on appeal, it is not properly before this Court.

We observe, however, that VanValkenburgh's preliminary examination testimony established that his contact with the defendant was reasonably contemporaneous with the crime and tended to show the defendant's state of mind at the time of the act. The witness therefore may have qualified as a res gestae witness. *People v Phillips,* 61 Mich App 138, 148; 232 NW2d 333 (1975). If the defendant desires the production of the witness at the new trial, he may wish to move for endorsement on the information pursuant to MCL 767.40; MSA 28.980.