*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LANCE WILLIAM RUIMVELD,

Defendant-Appellant.

UNPUBLISHED
March 14, 2019

No. 340711
Allegan Circuit Court
LC No. 16-020342-FH

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of three counts of resisting and obstructing a police officer, MCL 750.81d(1), and one count of malicious destruction of police property, MCL 750.377b. On appeal, defendant argues that the trial court abused its discretion and violated his constitutional due process rights by denying him the ability to present evidence of a substantial defense, i.e., evidence that he was undergoing chemotherapy treatment and might have been suffering from "chemo rage" or "chemo brain" when he committed the crimes. In the alternative, defendant contends that standby counsel was ineffective and "should have advised his *pro per* client to challenge the trial court's order [barring the evidence] and investigate if his cancer had an impact on his behavior." We affirm.

Defendant had court-appointed counsel leading up to his trial, but on the first day of trial and before the jury was impaneled, defendant asked the trial court for permission to represent himself. The trial court placed defendant under oath and proceeded to extensively question him about his decision, explaining at length the inherent risks involved in self-representation. The trial court also advised defendant that if defendant so desired, his court-appointed attorney could remain as a legal advisor for consultation, but the decision as to whether to accept any guidance from the attorney would remain solely defendant's. Defendant affirmatively and unequivocally waived his right to counsel and accepted the court's offer to have his court-appointed attorney remain as standby counsel.

During the colloquy between the trial court and defendant, the following exchange occurred:

*The Court*: The other thing that I want you to be aware of is that I think the Court was made aware at some point in the recent past that you had cancer, that you were undergoing some treatment. I don't know and I assume they don't know what the outcome of that treatment was and how it might affect the rest of your life. Again, there is no relevant issue here in this case concerning your cancer. The jurors are not to be informed of your cancer or your treatment or the prognosis, diagnosis or any other feature of the treatment or that condition, because the only—that doesn't have a bearing on whether you're guilty or innocent of 3 different counts of [resisting and obstructing] on September 4, 2016 in Gunplain Township and it has nothing relevant to offer on the malicious destruction of fire or police property. It would only be useful to the jury to know that in order to generate sympathy in the hopes that might affect the outcome of their deliberations and determination on guilt or innocence. It's improper for that purpose to inform them of your condition. The prosecutor won't do that and you won't do that. Same rule for both parties, just as it's the same rule for both parties that there won't be any discussion or mention of penalties. Do you understand what I'm saying there?

*Defendant*: Because that would generate a mistrial?

*The Court*: It could. Do you agree to abide by those instructions?

*Defendant*: Certainly.

*The Court*: And you'll avoid all discussion, whether through a witness you call or yourself testifying or make arguments to the jury during voir dire, opening or closing at all times through the entire trial there's to be no mention of penalties and no mention of the cancer diagnosis or treatment or prognosis. Understood?

*Defendant*: Yes, sir.

*The Court*: And you agree.

*Defendant*: I do.

Defendant first argues on appeal that the trial court abused its discretion and violated his constitutional due process rights by denying him the ability to present evidence that he was undergoing chemotherapy treatment and might have been suffering from "chemo rage" or "chemo brain" when he committed the crimes. Defendant maintains that this evidence was highly relevant in explaining his belligerent, bizarre, and uncooperative behavior when confronted by and dealing with the police. Defendant contends that the chemotherapy-related evidence would have negated the "intent" element of the crimes.

As reflected in the discussion between the trial court and defendant quoted above, defendant plainly waived any argument challenging the exclusion of chemotherapy-related evidence. Waiver is the intentional relinquishment or abandonment of a known right, and a party who waives his or her rights under a rule cannot then seek appellate review of a claimed deprivation of those rights, because the waiver has extinguished any error. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Moreover, even if reviewed under forfeiture analysis, there was no plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

To the extent that defendant is arguing that he was denied a diminished capacity defense, we note that is no longer a viable defense in Michigan. *People v Carpenter*, 464 Mich 223, 241; 627 NW2d 276 (2001) ("[T]he Legislature has signified its intent not to allow evidence of a defendant's lack of mental capacity short of legal insanity to avoid or reduce criminal responsibility by negating specific intent."). Additionally, "[r]esisting and obstructing a police officer . . . is not a specific intent crime." *People v DeLong*, 128 Mich App 1, 3; 339 NW2d 659 (1983).

Although not mentioned in defendant's brief, the nature of his argument pertains to voluntary intoxication. MCL 768.37 provides:

> (1) Except as provided in subsection (2), it is not a defense to any crime that the defendant was, at that time, under the influence of or impaired by a voluntarily and knowingly consumed alcoholic liquor, drug, including a controlled substance, other substance or compound, or combination of alcoholic liquor, drug, or other substance or compound.

> (2) It is an affirmative defense to a specific intent crime, for which the defendant has the burden of proof by a preponderance of the evidence, that he or she voluntarily consumed a legally obtained and properly used medication or other substance and did not know and reasonably should not have known that he or she would become intoxicated or impaired.

Subsection (2) of MCL 768.37 could potentially lend some support for defendant's position but only in regard to the malicious destruction offense, which is a specific intent crime. *People v Culp*, 108 Mich App 452, 458; 310 NW2d 421 (1981). Moreover, on the existing record, it is impossible to conclude that the affirmative defense of voluntary intoxication had any application to defendant's case. He makes no attempt to describe with any specificity what type of treatment he received or its nature, duration, and effects, let alone supply supporting evidence on those matters. Further, defendant fails to indicate that he properly used the medication, or that he did not know or reasonably would not have known about possible resulting intoxication or impairment, assuming such effects. Instead, defendant simply argues, without citation to any supporting evidence or authorities, that "[t]his Court should remand so that an analysis can be done as to whether he was suffering from the effects of steroids in his chemotherapy or brain

swelling from chemotherapy."[1]  "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Smart*, 304 Mich App 244, 251; 850 NW2d 579 (2014) (quotation marks omitted).  Neither reversal nor remand is warranted.

Finally, we reject defendant's associated argument of ineffective assistance of counsel. In the absence of a constitutional right to standby counsel, a defendant who chooses to represent himself does so at his own peril and has no basis to claim that the standby attorney must abide by constitutional standards.  *People v Kevorkian*, 248 Mich App 373, 424; 639 NW2d 291 (2001). Accordingly, defendant's argument that standby counsel should have advised him to challenge the trial court's order barring chemotherapy-related evidence lacks merit.

Defendant also contends that counsel was ineffective for failing to investigate whether defendant's cancer had an impact on his behavior.  This argument concerns a timeframe before the trial when counsel was not yet merely standby counsel; he still fully represented defendant. Because defendant did not file a motion for a new trial or a *Ginther*[2] hearing in the trial court, this Court's review is limited to mistakes apparent on the record.  See *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000).  "If review of the record does not support the defendant's claims, he has effectively waived the issue of effective assistance of counsel."  *Id.* at 659.  We also note that a defendant has the burden to prove the factual predicate supporting a claim of ineffectiveness assistance of counsel.  *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant has not established the factual predicate for his claim of ineffective assistance of counsel because he has failed to identify anything in the record that supports his chemotherapy-related assertions.  There is no evidence in the record related to defendant's cancer diagnosis, his chemotherapy treatment, or the potential effects of his treatment on defendant.  Defendant's argument on appeal is comprised entirely of speculation and conjecture. We have no basis to conclude that trial counsel failed in his duty to make a reasonable investigation.  See *People v Ackley*, 497 Mich 831; 870 NW2d 858 (2015).  So, consequently, defendant has failed to satisfy his burden of showing deficient performance by counsel or prejudice.  *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).

We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica

---

[1] We also note that the basis for defendant's contentions concerning the purported "recognized" medical effects of cancer treatment as including "chemo brain" or "chemo rage" is the website of a for-profit company based out of the United Kingdom that markets health products to cancer patients.  This is neither evidence nor a valid basis to rule in defendant's favor.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).