*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 14, 2019

Plaintiff-Appellee,

v

No. 339262
Kent Circuit Court
LC No. 17-000846-FH

ERIC JERMAINE HARVEY,

Defendant-Appellant.

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Defendant, Eric Jermaine Harvey, appeals by right his jury trial conviction of first-degree home invasion with intent to commit a larceny, MCL 750.110a(2). The jury was instructed that it could also consider the lesser charge of third-degree home invasion, MCL 750.110a(4), premised on the commission of misdemeanor malicious destruction of a building, MCL 750.380. Defendant's theory of the case was that he made several extremely unwise decisions but had no larcenous intent. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 15 to 60 years' imprisonment. We affirm.

## I. FACTS

In the early morning hours of January 4, 2017, a homeowner and his wife, children, and grandchildren heard a noise; and upon investigation, they discovered defendant halfway inside their home through a broken window in the basement. The homeowner confronted defendant, who claimed he was looking for his phone and then fled the scene. The police were summoned, and they discovered and arrested defendant nearby. Defendant testified in his own defense, and, consistent with his statements at the scene, admitted to breaking the window and attempting to enter the home, but insisted that he was merely trying to retrieve his cell phone that he had thrown through the window. A cell phone that did not belong to any of the residents in the house was, in fact, found on the floor just inside the broken window. Defendant blamed his conduct on a combination of drunkenness, anger at his phone not working properly, and failing to notice that a window was present in the direction he threw his phone. Defendant denied that he had intent

to commit a larceny inside the residence, pointing out that he had money on him. The jury found defendant guilty.

## II. DIRECTED VERDICT

Defendant argues that the trial court erred in denying his motion for a directed verdict. As noted, defendant admits that he broke and entered a dwelling within which another person was lawfully present. He argues that the prosecution failed to prove he intended to commit a larceny in the dwelling. We disagree.

"When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001). Larceny is a specific intent crime. See *People v Cain*, 238 Mich App 95, 120; 605 NW2d 28 (1999). The trier of fact may infer a defendant's intent from circumstantial evidence, including the defendant's words or conduct. *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003) (quotation marks and citation omitted; alteration in original).

We recognize that defendant's explanation for his actions has been consistent, and the cell phone found inside the home is further consistent with that explanation. However, the jury was not obligated to accept defendant's explanation. See *People v Howard*, 50 Mich 239, 242-243; 15 NW 101 (1883); *People v Palmer*, 392 Mich 370, 375-377; 220 NW2d 393 (1974). The cell phone's presence in the home, although consistent with defendant's theory of the case, is not necessarily proof. The jury was able to evaluate defendant's demeanor and credibility, and absent exceptional circumstances, we may not intrude upon that assessment or upon the jury's role in determining the weight and inferences to be given the evidence. *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016). The jury is only prohibited from speculating. See *People v Bailey*, 451 Mich 657, 673-675, 681-682; 549 NW2d 325 (1996). The homeowner discovered defendant halfway inside a broken basement window at approximately 2:30 a.m., following which defendant rapidly departed from the scene. When this evidence is viewed in the light most favorable to the prosecution, the trier of fact could reasonably have inferred beyond a reasonable doubt that defendant intended to commit a larceny inside the residence. Therefore, the trial court did not err in denying defendant's motion for a directed verdict.

## III. PROSECUTORIAL MISCONDUCT

Next, defendant raises several unpreserved claims of prosecutorial misconduct. Unpreserved claims of prosecutorial misconduct are reviewed for outcome-determinative, plain error. *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). In reviewing a claim of prosecutorial misconduct, "this Court examines the remarks in context to determine whether they denied defendant a fair trial." *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995). This Court will not find error warranting reversal "where a curative instruction could have alleviated any prejudicial effect." *Callon*, 256 Mich App at 329-330. "Curative instructions are

sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements . . . and jurors are presumed to follow their instructions." *People v Unger (On Remand)*, 278 Mich App 210, 235; 749 NW2d 272 (2008).

Defendant argues that the prosecutor improperly shifted the burden of proof and improperly commented on his failure to corroborate his testimony. Specifically, defendant complains of the following statement by the prosecutor during rebuttal closing:

> One of the other things the Judge is going to tell you is all in all how reasonable, how reasonable does the witness's testimony seem when you think about all the other evidence in the case. And I would submit to you that you should consider the evidence that you haven't heard.

> [Defendant] and [defense counsel] have no burden to prove anything to you, but I think I counted four other witnesses that could corroborate [defendant] that he admits only he knows of. Today is the first time we've heard this defense, four others, right? A friend from work, a nephew, and . . . three females. Not one of them named. The address, the apartment number not given. In fact, there's not even a name in the contacts for the phone.

It is improper for the prosecutor to comment on defendant's failure to call additional witnesses other than himself. See *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). However, it is not improper for the prosecutor to attack a defendant's credibility, and commenting on weaknesses in the defense does not shift the burden of proof. *People v Fields*, 450 Mich 94, 107, 110; 538 NW2d 356 (1995). We do not find it improper to comment on an apparent discrepancy between what defendant's testimony indicates he could provide as evidence, and what defendant has actually produced as evidence. "[A]rgument regarding the absence of a witness, who is injected into the case by one of the parties, illustrates the lack of believability of the events in question." *Id*. at 107-108.

Furthermore, even if we were to conclude that the prosecutor's brief remark was improper, which we do not, defendant's physical acts were largely undisputed, and the absence of corroborative witness testimony was not critical to evaluating the core issue of whether defendant had any larcenous intent. Moreover, the trial court instructed the jury regarding the presumption of innocence and the appropriate burden of proof. The trial court also instructed the jury regarding what it should consider as evidence and instructed the jury that the statements of the attorneys did not amount to evidence. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). We conclude that the trial court's instruction cured any possible impropriety in the prosecution's reference to defendant's failure to call witnesses. See *Unger*, 278 Mich App at 235.

Defendant next argues that the prosecutor misstated the evidence when he referred to damaged and bloodied ceiling tiles discovered just inside the basement window, and a bloody footprint found on an air hockey table located near the window. We disagree. Defendant's contention is not that the prosecutor invented evidence outright, but rather exaggerated. Although the "prosecutor may not make a factual statement to the jury that is not supported by

the evidence," the prosecutor may make reasonable inferences "and need not confine argument to the blandest possible terms." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007).

We presume defendant refers to the following remarks during initial closing:

> To suggest that he didn't get all the way in yet or something I submit to you would be ludicrous because how else do his footprints get all over the top of the hockey table? If he hasn't gone into that home, stood on the hockey table, and ripped down those ceiling tiles looking for whatever it was he was looking for, how did his footprints get on top of the hockey table? And if he was that far into the home, why didn't he pick up the phone and get out. He didn't do that, ladies and gentleman, because he was looking for something to steal, and when he couldn't find it, he decided it was finally time to leave, and that's when [the homeowner] came and found him. That's how you know that his intent was not an innocent one. He would have gotten the one thing that he went in there for; not to do a bunch of damage to these folks' ceiling, not to just stomp around on top of an air hockey table.

Defendant points out that there was only evidence of *one* footprint and no evidence of footprints elsewhere in the basement. The prosecutor did not say there were footprints anywhere else. However, there was evidence that defendant was injured and bleeding. There was also testimony from a police officer that "bloody footprints" were present on the hockey table, part of the drop tile ceiling in the basement was lying on the floor, and there was blood on those tiles. We cannot conclude that the prosecutor misrepresented *or* exaggerated the evidence.[1] Furthermore, the trial court instructed the jury that the statements of the attorneys did not constitute evidence, and the jury was provided with a photograph of the top of the hockey table, so it could draw its own conclusions.

Defendant finally argues that the prosecutor made improper statements during closing arguments regarding proof of intent, all presented to us out of context. It appears that some of the remarks were as follows during initial closing:

> To the point of home invasion in the first degree. The only thing different is that third element. Remember [defense counsel's] opening statement again and the defendant's testimony. No dispute broke and entered; no dispute entered; and no dispute that [the family] was home. So three out of the four elements have been met as it relates to home invasion in the first degree.

---

[1] In his reply brief, defendant for the first time also argues that it had been improper for the police officer to state that one of the prints on the hockey table was consistent with the pattern on the tennis shoes defendant had been wearing when defendant was arrested. Photographs of both the print and the sole of defendant's shoes were provided to the jury, so we find no error. In the case upon which defendant relies, a shoe's sole pattern was considered insufficient by itself to constitute probable cause, which is not a holding that it cannot constitute corroborative evidence. *People v Trudeau*, 385 Mich 276; 187 NW2d 890 (1971).

So what's at issue? This thing right here. Intended to commit larceny. First of all, I could say what else would really be the intent here? Only if you believe that this phone was accidentally thrown through this window, and that was the only reason he decided to enter the home, should you find him not guilty of home invasion in the first degree, because he didn't intend to steal anything, but only remove his phone. And again I'll address why that's unbelievable here in a few minutes.

We note that this appears to be a completely accurate summary of defendant's theory of the case. Additional remarks of which defendant complains were also made during initial closing:

And so how do we know what the intent was short of him stealing something? Because I'm sure [defense counsel] will point out, and I'm not going to dispute, that [the family] aren't—they're not accusing the defendant with actually having stolen anything. Nobody's saying yes, he picked something up and he walked away with it. It's what was the intent? And how do we know what somebody's intentions are if they don't flat out tell you I intend to do this. Well, you look at what they say, and you look at what they do. And in this case, what did he do?

His story is not believable on its face for three extremely good reasons. […]

Once again, this is a completely accurate summary of the facts, and a completely accurate summary of how intent can generally be proved only through circumstantial evidence. See *People v Wright*, 408 Mich 1, 32-33 n 15; 289 NW2d 1 (1980). The prosecutor was free to argue that defendant was "unworthy of belief." *Dobek*, 274 Mich App at 67.

Finally, at the conclusion of rebuttal closing, the prosecutor said:

I'm asking you to convict on home invasion in the first degree because there is no other reason for him to be in that home other than to steal from these people. And if you do believe the story that he throw his phone in there and simply went in to retrieve it, he's still guilty of home invasion in the third degree. Thank you.

It appears the prosecutor properly argued the evidence and the "reasonable inferences from the evidence" that he believed fit his theory of the case. See *Bahoda*, 448 Mich at 282. We find no misconduct by the prosecutor.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant raises numerous reasons why he claims he was denied the effective assistance of counsel. Specifically: (1) failure to contact and call three particular witnesses; (2) failure to obtain defendant's work and school records; (3) failure to object to evidence of text messages;

and (4) failure to object during the prosecution's closing argument. The trial court held a *Ginther*[2] hearing and found that defendant had not been denied the effective assistance of counsel. We agree with the trial court.

To establish ineffective assistance of counsel, a defendant must show that (1) counsel rendered assistance that "fell below the objective standard of reasonableness" under the prevailing professional norms, and (2) that there is a "reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different . . . ." *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000) (quotation marks and citation omitted; ellipsis in original). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *Id*. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). A trial court's findings of fact are reviewed for clear error, while constitutional issues are reviewed de novo. *Id*. at 579.

## A. FAILURE TO CALL WITNESSES

Defendant testified that on the evening of the incident, he met with three women in an apartment near the home where he broke and entered a window. On appeal, defendant argues that trial counsel was ineffective for failing to call these women to testify at trial. We disagree.

"Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *Id*. A defense counsel's failure to present a witness may constitute ineffective assistance only where it "deprives the defendant of a substantial defense." *Id*. "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

In this case, trial counsel made a strategic decision not to contact or call the three women who were with defendant immediately before the home invasion. At the *Ginther* hearing, trial counsel testified he was aware that defendant was prepared to testify that he was at a party with three women and that he then proceeded to throw his cell phone through the window of the home. Trial counsel testified that he did not attempt to contact the women "for a number of reasons." Trial counsel agreed that the women could have supported that defendant was not roaming the neighborhood, but trial counsel stated that fact was not "really disputed." Trial counsel reviewed a jail recording of a meeting between defendant and the three women. After reviewing the recording, trial counsel decided that the women could not help the defense. This testimony shows that trial counsel considered the witnesses and made a strategic decision not to

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

contact them or call them at trial. This did not amount to deficient performance. See *Russell*, 297 Mich App at 716.

## B. FAILURE TO PRESENT WORK/SCHOOL RECORDS

In support of his argument that he lacked the intent to commit larceny, defendant testified that he did not need to steal anything because he had money on his person on the morning of the offense. Defendant argues that trial counsel was ineffective for failing to obtain his work and school records to further establish that defendant did not need to steal anything from the residence. Under the circumstances, we disagree.

As noted, decisions regarding the presentation of evidence or witnesses are presumed to be strategic, and we will not substitute our judgment after the fact for that of trial counsel at the time. *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). At the *Ginther* hearing, trial counsel testified that he did not attempt to obtain the records because he did not think that they were admissible at trial. Counsel emphasized that he had, in fact, previously attempted to introduce evidence of school or work records on behalf of another criminal defendant *before the same trial judge*, only to be "sternly told to move on." We note that if this is accurate, the trial court might have erred at the hearing to which counsel referred. Evidence of a defendant's finances is only *generally* minimally probative yet unacceptably prejudicial, and there is absolutely no per-se bar to its admission, especially where the defense seeks exoneration. *People v Henderson*, 408 Mich 56, 62-68; 289 NW2d 376 (1980). Nonetheless, we are unable to find it an unstrategic decision to refrain from seeking an apparent exercise in futility, especially because there was no dispute that defendant had money, schooling, and employment. Even if the records might have been helpful to defendant's case, they would have been cumulative of a fact in evidence and not in dispute. In light of counsel's experience attempting a similar gambit before the same judge, we are unpersuaded that trial counsel was deficient for failing to pursue the records.

## C. FAILURE TO OBJECT TO TEXT MESSAGES

Defendant next argues that trial counsel should have challenged the admission of certain text messages that were found on defendant's cell phone when he was arrested. Defendant concedes that the messages were on his phone and he permitted the police to access the phone, but argues that he never consented to the police *searching* his phone. Presuming there was some impropriety in this confusing distinction, defendant never articulates how the text messages prejudiced him. We decline to speculate. See *People v Bean*, 457 Mich 677, 685 n 13; 580 NW2d 390 (1998). Therefore, we are unable to conclude that the outcome of the proceedings would have been different if counsel had sought to suppress the messages. See *Toma*, 462 Mich at 302-303.

## D. FAILURE TO OBJECT TO CLOSING ARGUMENT

Defendant argues that the prosecutor improperly shifted the burden of proof during his closing argument and that trial counsel was ineffective for failing to raise an objection. As we have discussed, the prosecutor's remarks to the jury were not erroneous, so no objection to those remarks would have been meritorious. "Failing to advance a meritless argument or raise a futile

objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). The one arguable impropriety in the prosecutor's remarks was harmless, so failing to object to that remark cannot have constituted ineffective assistance of counsel. *Toma*, 462 Mich at 302-303. Accordingly, we disagree that counsel was ineffective for failing to make defendant's asserted objections.

## V. JURY INSTRUCTIONS

Next, defendant argues that the trial court erred in denying his request for a jury instruction on the lesser offense of entering without permission. We disagree.

"Jury instructions must clearly present the case and the applicable law to the jury." *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005). "The instructions must include all elements of the charged offenses and any material issues, defenses, and theories if supported by the evidence." *Id*. "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). "We review questions of law arising from the provision of jury instructions de novo," but "a trial court's determination whether a jury instruction is applicable to the facts of a case [is reviewed] for an abuse of discretion." *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013).

The trial court instructed the jury on first-degree home invasion and the lesser-included offense of third-degree home invasion. The relevant[3] elements of first-degree home invasion are that (1) the defendant breaks and enters a dwelling, (2) while intending to commit a larceny, and (3) another person is lawfully present in that dwelling. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). The relevant elements of third-degree home invasion are that (1) the defendant breaks and enters a dwelling; and (2) while intending to commit a misdemeanor in the dwelling *or* actually commits a misdemeanor while entering, present in, or exiting the dwelling. *Id*. at 43-44. The relevant elements of breaking and entering without permission are that (1) the defendant broke and entered a building, (2) without permission from the owner. *Cornell*, 466 Mich at 361. Malicious destruction of property requires "intent to injure or destroy the property." *People v Culp*, 108 Mich App 452, 458; 310 NW2d 421 (1981).

There is no dispute that defendant broke and entered a dwelling. There is also no dispute that defendant intentionally kicked the window out of its frame to do so. Thus, the uncontroverted evidence establishes that, by defendant's own admission, he intentionally damaged part of the house while breaking and entering. In other words, defendant admitted to breaking and entering a dwelling, committing malicious destruction, with intent to damage or destroy the property. Although breaking and entering without permission is a necessarily

---

[3] "[B]oth first-degree home invasion and third-degree home invasion can be committed in several different ways, each of which involves alternative elements necessary to complete the crime." *People v Wilder*, 485 Mich 35, 42-44; 780 NW2d 265 (2010). We need not exhaustively enumerate the entire range of possibilities here.

included lesser offense, defendant's admission to third-degree home invasion rendered an instruction on the lesser offense unsupported by a rational view of the evidence. See *Cornell*, 466 Mich at 357.

Moreover, even if the trial court erred in failing to instruct the jury on entering without permission, defendant is not entitled to relief. In this case, the jury was instructed on both first-degree and third-degree home invasion. The jury convicted defendant of first-degree home invasion, the greater offense. Because the jury did not acquit defendant or convict him of the lesser offense, defendant has not established that the trial court's failure to instruct on entering without permission amounted to a miscarriage of justice. See *People v Gillis*, 474 Mich 105, 140 n 18; 712 NW2d 419 (2006). We do not find the jury instructions to be "outside the range of reasonable and principled outcomes." See *Unger*, 278 Mich App at 217.

Next, in his Standard 4 brief, defendant argues that the trial court erred in failing to instruct the jury on "specific intent." We disagree. The trial court properly instructed the jury as to the elements of first-degree home invasion in accord with MCL 750.110a(2). Contrary to defendant's assertion, the trial court defined "larceny" for the jury. The trial court also instructed the jury on direct and circumstantial evidence, the presumption of innocence, and the burden of proof. The trial court's instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *Aldrich*, 246 Mich App at 124.

Defendant cites language the trial court used in denying his motion for a directed verdict to argue that the trial court committed instructional error. However, this was not instructional error. Rather, the trial court properly cited evidence in denying defendant's motion for a directed verdict outside the presence of the jury. To the extent defendant argues that there was insufficient evidence to allow the jury to infer that he had intent to commit a larceny, as discussed earlier, the trial court did not err in denying the motion for a directed verdict.

In sum, the trial court did not err in instructing the jury. Because the trial court did not err in instructing the jury, defendant's argument that counsel was ineffective for failing to request a "specific intent" instruction necessarily fails. See *Ericksen*, 288 Mich App at 201.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien

-9-