PEOPLE v RICHARDSON

Docket No. 55864. Submitted February 9, 1982, at Detroit.—Decided May 26, 1982.

Robert B. Richardson was convicted of malicious destruction of police property, Wayne Circuit Court, Harold M. Ryan, J. The defendant appeals alleging that (1) the trial court erred in refusing to grant his motion for a directed verdict of acquittal, (2) the evidence was insufficient to support the jury's verdict, (3) the trial court erred in failing to instruct the jury that the crime of malicious destruction of police property is a specific intent crime, and (4) the trial court erred in failing to instruct the jury that the evidence of the defendant's diminished mental capacity at the time that the alleged offense occurred must be considered as it relates to specific intent. *Held:*

1. The trial court did not err in not granting a directed verdict of acquittal. A variance between nonessential descriptive language in the information and the evidence adduced at the trial does not require a directed verdict of acquittal. The reference in the information to the scout car number and to which officer had custody of the vehicle was surplusage included to identify the specific act for which the defendant was charged. The defendant was sufficiently apprised of the charged offense and the facts against which he would be required to defend.

2. A rational trier of fact could have found that there was sufficient evidence of the essential elements of the crime which were proven beyond a reasonable doubt. The technical variance between the information and the evidence at trial does not require reversal.

3. The defendant did not object at the trial to the failure of the court to give an instruction to the jury on specific intent or

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
   75 Am Jur 2d, Trial §§ 550, 551.
[2] 52 Am Jur 2d, Malicious Mischief § 6 *et seq.*
[3] 75 Am Jur 2d, Trial § 551.
[4] 5 Am Jur 2d, Appeal and Error § 883.
[5] 75 Am Jur 2d, Trial §§ 605, 615, 915.

on diminished mental capacity. The instructions given were sufficient to instruct the jury as to the necessary intent and no manifest injustice occurred.

Affirmed.

1. CRIMINAL LAW — DIRECTED VERDICTS — APPEAL.

A trial court should consider all of the evidence presented by the prosecution up to the time the motion is made and view it in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt when ruling on a criminal defendant's motion for a directed verdict of acquittal.

2. CRIMINAL LAW — MALICIOUS DESTRUCTION OF POLICE PROPERTY.

The essential elements of the offense of malicious destruction of police property are that the defendant did (1) wilfully and maliciously destroy or injure, (2) personal property belonging to the police department (MCL 750.377b; MSA 28.609[2]).

3. CRIMINAL LAW — DIRECTED VERDICTS.

A variance between nonessential descriptive language in a criminal information and evidence adduced at trial does not require a directed verdict of acquittal; all unnecessary allegations in an information should be rejected as surplusage (MCL 767.47; MSA 28.987).

4. CRIMINAL LAW — EVIDENCE — APPEAL.

A reviewing court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt when determining whether there is sufficient evidence to support a defendant's conviction.

5. CRIMINAL LAW — JURY INSTRUCTIONS — SPECIFIC INTENT.

Failure to object at trial to the trial court's failure to give an instruction to the jury on specific intent does not require reversal of a defendant's conviction where the instructions given to the jury were sufficient to instruct the jury as to the necessary intent and no manifest injustice occurred.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Turner & Turner, P.C.* (by *Donald A. Turner* and *Gary L. Kohut),* for defendant on appeal.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. The information charged that defendant "did willfully and maliciously destroy or injure the following described personal property, to wit: window of Scout Car #61, under the care, custody, or control of the above-named complainant, of the Melvindale Police Department, resulting in damage thereto". Defendant was convicted by a jury of malicious destruction of police property, MCL 750.377b; MSA 28.609(2). He was sentenced to from one to four years imprisonment and appeals as of right. Defendant assigns error to the court's refusal to grant his motion for a directed verdict at the close of the people's proofs and alternatively argues that the evidence was insufficient to support the jury's verdict.

When ruling on a motion for a directed verdict of acquittal, the trial court must consider all of the evidence presented by the prosecution up to the time the motion is made, and view it in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979). The essential elements of malicious destruction of police property are that the defendant did (1) willfully and maliciously destroy or injure, (2) personal property belonging to the police department. These elements in this case were clearly established by the

testimony of Melvindale Police Officers Peters and Morabito, which was corroborated in part by the testimony of three Allen Park police officers.

Defendant is claiming that the people failed to prove that the property destroyed was the window of scout car number 61, which was under the care, custody, or control of the complainant. It was the failure of proof on this "element" that defendant contends required the granting of the directed verdict of acquittal. A variance between nonessential descriptive language in an information and the evidence adduced at the trial does not require a directed verdict of acquittal. *People v Durr,* 16 Mich App 763; 168 NW2d 633 (1969). All unnecessary allegations in an information are to be rejected as surplusage. MCL 767.47; MSA 28.987.

The reference to scout car number 61 and which officer had custody of the vehicle is surplusage. This language was included to identify the specific act for which defendant was charged. We conclude that defendant was sufficiently apprised of the charged offense and the facts against which he would be required to defend.

Defendant's alternative argument is that the jury verdict was contrary to the "law" as given by the trial court. This argument attacks the sufficiency of the evidence to support the verdict. The essence of the argument is that the jury instructions specifically stated that the destroyed property was scout car number 61 and no proof of this fact was shown.

The standard of review for an issue regarding sufficiency of evidence requires that the court view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a rea-

sonable doubt. *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981). A rational trier of fact could have found that there was sufficient evidence of the essential elements of the crime which were proven beyond a reasonable doubt. We hold that the technical variance between the information and the evidence at trial does not require reversal.

Defendant argues, by way of a supplemental brief, that the court erred in failing to instruct the jury that the crime of malicious destruction of police property is a specific intent crime. The court also allegedly erred by failing to instruct the jury that the evidence of defendant's diminished mental capacity at the time that the alleged offense occurred must be considered as it relates to specific intent. Defendant cites *People v Culp,* 108 Mich App 452; 310 NW2d 421 (1981).

The court, in the case at bar, instructed the jury: "And third, that the defendant's act must have been done willfully and maliciously. * * * The phrase 'willfully and maliciously' means that the defendant committed the act while knowing it to be wrong and without any just cause or excuse and did it intentionally or with a conscious disregard of known risk to the property of another." See CJI 32:1:01.

In *Culp,* the Court held, for the first time, that the crime of malicious destruction of property was a specific intent crime. At the trial, Culp had asked the court to instruct the jury on specific intent and that voluntary intoxication was a defense. The court in *Culp* gave CJI 32:1:01, as did the trial court in the case at bar. The Court of Appeals in *Culp* found that error occurred in the refusing to give the requested instruction on intoxication. The error was not predicated on a failure

to instruct on specific intent. Apparently, CJI 32:1:01, which defines willful and malicious, was sufficient to inform the jury of the needed specific intent.

The defendant did not object at the trial to the failure of the court to give an instruction on specific intent, CJI 3:1:16, or to instruct on the possible defense to the crime. In this important way, this case is distinguished from *Culp.* The instructions given were sufficient to instruct the jury as to the necessary intent. See *People v Elmore,* 92 Mich App 678; 285 NW2d 417 (1979). We find no manifest injustice and, therefore, affirm.

Affirmed.