# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHELLE BRISBANE,

        Defendant-Appellant.

UNPUBLISHED
November 29, 2016

No. 328263
Wayne Circuit Court
LC No. 14-003507-FH

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted in a bench trial of assault with a dangerous weapon (felonious assault), MCL 750.82, malicious destruction of police property, MCL 750.377b, and failure to stop at the scene of an accident, MCL 257.617a. She was sentenced to 20 months to 4 years' imprisonment for the felonious assault and malicious destruction convictions and to 126 days (time served) for the failure-to-stop conviction. Defendant appeals as of right. We affirm, but remand for the ministerial task of further amending the existing amended judgment of sentence, as it fails to reflect the failure-to-stop conviction and sentence.

On April 11, 2014, Ajena Haney and her brother, Devon Palazolla, were cycling together in the area of Santa Clara Street in Detroit. During their ride, both cyclists noticed a minivan driving toward their direction. The minivan passed the first cyclist, Palazolla, without incident. As the minivan passed him, he recognized the driver as defendant. Haney, who anticipated that the minivan would swerve as it neared her location to avoid debris in the road, stopped and moved her bicycle to the left of the road as a safety precaution. Haney testified that, as she maneuvered her bicycle out of the traffic lane, she focused her attention away from the minivan. When she looked back, she saw the minivan heading toward her. The minivan collided with Haney. According to Haney and Palazolla, the minivan swerved toward her prior to impact.

Detroit Police Officers Breeane Ortiz and Eric Blackwell later apprehended defendant following their investigation of the collision. Officer Ortiz testified that, sometime following defendant's arrest, a nearby police sergeant alerted her that defendant had kicked out the rear window of Ortiz's scout car. Officer Ortiz stated that she saw defendant hanging her feet out the side of the window of her scout car. Defendant told Ortiz that she was highly intoxicated, felt the need to throw up, and did not want to throw up on herself.

-1-

Detroit Police Officer Dmir Jakupovic took defendant's statement the following day, April 12, 2014. Officer Jakupovic read defendant's statement into the record, which statement was in the form of questions and answers. In her statement, defendant admitted that she hit Haney with her minivan. Defendant also indicated that while she did not know Haney personally, defendant did have a confrontation or altercation with her a few days before the incident. Defendant was later asked, "What was the altercation that you were having . . . that caused this incident?" Defendant replied, "It was about a dog, she [Haney] said that I kicked her door in." Haney testified, "Two days prior [to the incident] there was an altercation at my mother's house [in] which she [defendant] had arrived with a car full of people, me and her personally got into an altercation . . . ." Haney later noted during her testimony that the altercation had concerned a dog. Returning to defendant's statement, she admitted that she had kicked out the window of the police car because she had been drinking.

On appeal, defendant argues that the prosecution failed to present sufficient evidence showing that defendant possessed the specific intent to assault Haney with the vehicle and the specific intent to maliciously destroy police property.

In *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008), this Court addressed a sufficiency argument in the context of a bench trial, observing:

> We review claims of insufficient evidence de novo. When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. All conflicts in the evidence must be resolved in favor of the prosecution. [Citations omitted.]

"[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Id.* at 622 (citations omitted).

We shall first address the felonious assault conviction. "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999) (citation omitted); see also *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979). "[F]elonious assault is a specific intent crime." *People v Robinson*, 145 Mich App 562, 564; 378 NW2d 551 (1985). In reviewing the trial court's ruling from the bench, the court first indicated that it was finding that defendant had struck Haney with the vehicle with an intent to injure and with the intent to place Haney in reasonable apprehension of an immediate battery. Later in the trial court's ruling, the court observed that it was "not entirely convinced that [defendant] intended to injure Ms. Haney, but she intended to sort of teach her a lesson or at least threaten her." It is simply not clear whether the trial court ultimately found

beyond a reasonable doubt that defendant had hit Haney with defendant's minivan with an intent to injure. But it is clear that the trial court had determined beyond a reasonable doubt that defendant had acted with an intent to place Haney in reasonable apprehension of an immediate battery. Regardless, the evidence was sufficient to support both theories of specific intent.

Haney testified that, prior to the collision, she had stopped her bicycle and moved it further from the road as a safety precaution. According to both Haney and Palazolla, defendant's minivan passed Palazolla without incident and then swerved toward Haney. Officer Ortiz testified that "there were no track marks on the street," suggesting that defendant had not slammed on her brakes at any point. Finally, there was evidence of an altercation or confrontation between Haney and defendant days earlier, providing a motive for the assault. These facts, taken together, permit a reasonable inference that the collision was not a mere accident, but rather that defendant intended to injure Haney and/or to place Haney in reasonable apprehension of an immediate battery by intentionally driving the minivan straight at Haney. Haney's positioning away from the road, the absence of evidence showing emergency braking, the lack of a collision or near collision with Palazolla, the act of swerving toward Haney, and the prior confrontation, considered in conjunction with each other, provided more than sufficient evidence to support the specific intent element of the crime and the conviction for felonious assault. Moreover, defendant's response referencing a dog and a kicked-in door in relation to the officer's question asking defendant about the nature of the altercation between defendant and Haney "that *caused* the incident" (emphasis added), could reasonably be construed as direct evidence of the requisite specific intent. Reversal is unwarranted.

With respect to the conviction for malicious destruction of police property, the trial court did not make any specific findings regarding the offense beyond noting that guilt had been conceded. Indeed, defense counsel indicated at the start of the trial that defendant was conceding guilt on the charge of malicious destruction, and at the conclusion of the proofs, defense counsel stated that defendant was admitting guilt on the charge. Therefore, by effectively conceding that there was sufficient evidence to support the malicious destruction charge, defendant has waived any appellate claim that there was insufficient evidence supporting the conviction. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (discussing the principle of waiver, which extinguishes any error).[1] Furthermore, defendant's statement to the police, the testimony of the officers, and all of the surrounding circumstances provided sufficient evidence to establish that defendant acted with the specific intent to maliciously destroy police property. See *People v Richardson*, 118 Mich App 492, 496; 325 NW2d 419 (1982) (malice element requires the commission of an act "knowing it to be wrong and without any *just* cause or excuse") (emphasis added).

---

[1] We note that there was no formal guilty plea taken in regard to the malicious destruction charge, but defendant does not argue that the trial court was obligated to make findings on the charge, detailed or otherwise, regardless of defense counsel's concession of guilt, so we shall not examine that question. And we fail to see how defendant can overcome the waiver problem relative to the sufficiency argument; there is no associated claim of ineffective assistance of counsel.

Affirmed but remanded for the ministerial task of further amending the existing amended judgment of sentence, as it fails to reflect the failure-to-stop conviction and sentence. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan