*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES IAN POKRIEFKA,

        Defendant-Appellant.

UNPUBLISHED
December 28, 2023

No. 361942
Isabella Circuit Court
LC No. 2020-001310-FH

Before: BORRELLO, P.J., and SWARTZLE and PATEL, JJ.

PER CURIAM.

Defendant was driving a vehicle that was stopped by the police because the vehicle did not have proper registration on the license plate. After defendant was arrested, a police officer found knives in defendant's vehicle, drugs on defendant's person, and defendant's urine in the back of the police car. A jury convicted defendant of carrying a concealed weapon, maliciously destroying police property, and possessing a controlled substance. We affirm.

## I. BACKGROUND

Mount Pleasant Police Officer Jeffrey Thompson stopped defendant's vehicle when he noticed that the vehicle did not have proper registration. Defendant told Officer Thompson that he did not have a valid license, and defendant was arrested for driving with a suspended license and driving a vehicle without insurance. Officer Thompson placed defendant in the back of the police car and searched defendant's vehicle without a warrant. During the search, Officer Thompson seized a "hunting style knife" from the center console and "a large double-edged knife" from the floor on the rear driver's side of the vehicle.

When Officer Thompson returned to the police car, he discovered that defendant had urinated inside the car. A camera captured video of defendant slipping his hands to the front of his person, unzipping his pants, and urinating on the floor of the vehicle. When Officer Thompson questioned defendant about the urine in the car, defendant denied that he had urinated and claimed that the pool of liquid was spit or that Officer Thompson was somehow at fault.

Officer Thompson took defendant to the county jail before defendant was transported to the emergency room because defendant complained of feeling ill. While in the emergency room, defendant was yelling, kicking equipment, and spitting on the floors and walls. During his tirade, 16 packets of an unknown substance fell out of defendant's underwear. The Michigan State Police Crime lab later confirmed that the substance was Suboxone, and the police confirmed that defendant did not have a valid prescription for that substance.

Defendant was charged with operating a vehicle on a suspended license, operating a vehicle without proper insurance, carrying a concealed weapon for the knives that Officer Thompson found in the car, destruction of police property for urinating in the police car, and possession of a controlled substance for the Suboxone that was found. The prosecutor dismissed the first two charges on the grounds that there was not sufficient evidence to establish the elements of the crime.

During the preliminary examination, the prosecutor questioned Officer Thompson about the process for cleaning the urine from his police car. Officer Thompson testified that the police department "went above and beyond" to sanitize the vehicle as well as a special service to decontaminate the bodily fluids. Additionally, the prosecutor asked about the search of defendant's vehicle, and Officer Thompson testified that it was his department's standard procedure to conduct an inventory search before a vehicle would be impounded. Further, Officer Thompson explained that defendant's car would need to be impounded because it was sitting in the middle of the road, defendant was going to jail, and the car had no insurance.

During the subsequent trial, the video of defendant urinating in the police car was played for the jury. Additionally, Officer Thompson testified that the police car needed to be cleaned with "special chemicals" to decontaminate the bodily fluids. Defense counsel cross-examined Officer Thompson about the decontamination, and asked whether cleaning the police car for that urine was comparable to decontaminating a police car for Covid. The officer explained that the cleaning exceeded that needed for mere exposure to Covid. The officer further testified that defendant did inform him that he had to use the bathroom, but the officer did not permit him to do so prior to taking him to jail. The jury convicted defendant as stated above.

After the trial, defendant moved for an evidentiary hearing to argue, among other issues, that his counsel was ineffective for failing to challenge Officer Thompson's testimony about the damage to the police car during the trial. The trial court denied defendant's motion without a hearing.

Defendant now appeals.

## II. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was not sufficient evidence to support his conviction of malicious destruction of police property. "Challenges to the sufficiency of the evidence are reviewed de novo." *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). To evaluate "defendant's claim regarding the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Id*. (quotation marks and citation

omitted). This "standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Gonzalez*, 468 Mich 636, 640-641; 664 NW2d 159 (2003) (cleaned up).

Defendant was convicted of malicious destruction of police property under MCL 750.377b, which states: "Any person who shall wilfully and maliciously destroy or injure the personal property of any fire or police department, including the Michigan state police, shall be guilty of a felony." A conviction of malicious destruction of police property requires proof of the following elements: "the defendant did (1) willfully and maliciously destroy or injure, (2) personal property belonging to the police department." *People v Richardson*, 118 Mich App 492, 494; 325 NW2d 419 (1982). "The phrase 'willfully and maliciously' means that the defendant committed the act while knowing it to be wrong and without any just cause or excuse and did it intentionally or with a conscious disregard of known risk to the property of another." *Id*. at 496 (quotation marks and citation omitted).

There is no dispute that the police car belonged to the police department. Defendant argues that there was not sufficient evidence to prove that he injured the police car by urinating in it or that he did so maliciously. Defendant ignores that the video of him urinating in the police car was played for the jury and that Officer Thompson testified about the rigorous cleaning process to remove the urine from the car. This evidence alone is sufficient to allow a reasonable fact-finder to determine that defendant urinated in the police car willfully and that the urine injured the property. Furthermore, the video captured defendant lying to Officer Thompson about urinating in the car. This evidence is sufficient by itself to allow a reasonable fact-finder to determine that defendant intended to urinate in the police car maliciously because he attempted to cover up the fact that he had urinated.

Defendant argues that he told Officer Thompson that he needed to urinate before being put in the car, and his urination was a result of not being able to control his bodily function. Defendant also presented that argument to the jury, and the jury rejected it. When drawing all reasonable inferences in support of the jury verdict, *Gonzalez*, 468 Mich at 640-641, a jury reasonably could have concluded that defendant willfully and maliciously injured the police car, *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that he was denied the effective assistance of counsel because defense counsel did not attempt to impeach Officer Thompson with the preliminary-examination testimony and did not object to the introduction of evidence on Fourth Amendment grounds.

Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Defendant moved earlier to remand this matter for an evidentiary hearing alleging, among other things, that trial counsel was ineffective. This Court denied the motion, so we review defendant's

ineffective assistance of counsel claims for errors apparent on the record. See *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

Defendant argues that defense counsel performed unreasonably by failing to impeach Officer Thompson's trial testimony regarding the cleaning of the police car with his preliminary-examination testimony on the same topic. In essence, defendant argues that Officer Thompson's earlier testimony that the police department had to go "above and beyond" to clean the car was inconsistent with his subsequent testimony that "special chemicals" needed to be used to clean the car.

Defendant has not shown, however, how Officer Thompson's testimonies were inconsistent because in each of Officer Thompson's testimonies he indicated that the car needed to be cleaned more than usual. On a fair reading, there is no substantive difference in Officer Thompson's testimonies on this topic. Even assuming for the sake of argument that Officer Thompson's testimony that the cleaning required "special chemicals" was an exaggeration that improperly biased the jury, defense counsel cross-examined Officer Thompson to inquire about the cleaning procedures for Covid contamination.

There is a strong presumption that defense counsel was effective, *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), and defendant has not provided that defense counsel's strategy to compare the decontamination of the police car for the urine with the decontamination of a police car for Covid was not a sound trial strategy, *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Moreover, defendant has not demonstrated how his counsel's alleged deficiency affected the jury's decision to find him guilty after the jury observed a video of him purposefully urinating in the police car.

Lastly, defendant argues that his counsel was ineffective for failing to challenge the search of his vehicle without a warrant in violation of the Fourth Amendment. "The Fourth Amendment of the United States Constitution and the analogous provision in Michigan's Constitution guarantee the right of the people to be free from unreasonable searches and seizures." *People v Champion*, 452 Mich 92, 97; 549 NW2d 849 (1996). "Searches and seizures conducted without a warrant are unreasonable per se, subject to several specifically established and well-delineated exceptions." *Id*. at 98 (citation omitted).

This Court has held that trial counsel's failure to raise a Fourth Amendment challenge may constitute deficient performance for the purposes of an ineffective assistance of counsel claim. See *People v Hughes (On Remand)*, 339 Mich App 99, 107; 981 NW2d 182 (2021). Where trial counsel's failure to litigate a Fourth Amendment claim is the basis of an ineffectiveness challenge, this Court should consider "whether the violation of defendant's Fourth Amendment rights entitled defendant to exclusion" of the evidence in dispute. *People v Hughes*, 506 Mich 512, 552; 958 NW2d 98 (2020) (cleaned up).

Defendant argues that the search of his vehicle was not valid under the inventory-search exception, which permits the police to conduct the search of a vehicle without a warrant before the vehicle is impounded under police-department policy. *People v Toohey*, 438 Mich 265, 271; 475 NW2d 16 (1991). "To be constitutional, an inventory search *must* be conducted in accordance with established departmental procedures, which all police officers are required to follow, and *must not* be used as a pretext for criminal investigation." *Id*. at 284. "The legality of [an] inventory search that follow[s a driver's] arrest depends in part on whether the car was lawfully impounded." *People v Poole*, 199 Mich App 261, 265; 501 NW2d 265 (1993). A police policy that permits officers to impound a vehicle that will be left unattended after the driver is arrested is likely a "reasonable impoundment policy provision." *Toohey*, 438 Mich at 286.

Defendant's argument is without merit. Officer Thompson testified at the preliminary examination that it was his department's "standard procedure" to conduct "an inventory search" when a vehicle was going to be impounded. Further, Officer Thompson described the circumstances that led to the vehicle being impounded, and that his department's policy was that an inventory search was required to protect the property of all persons involved.

Officer Thompson's preliminary-examination testimony was sufficient to show that the search was valid under the inventory exception. There is no dispute that the vehicle was legally impounded or that the inventory search was conducted in accordance with the Mount Pleasant Police Department inventory-search policy. Further, there was no evidence to conclude that the search was conducted in bad faith.

Thus, defense counsel did not act ineffectively by failing to challenge the search because it is not ineffective assistance of counsel to fail to make a futile motion. *People v Henry (After Remand)*, 305 Mich App 127, 141; 854 NW2d 114 (2014).

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Sima G. Patel