*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JENNIFER MARIE CURRY,

Defendant-Appellant.

UNPUBLISHED
March 11, 2025
3:42 PM

No. 370052
Oscoda Circuit Court
LC No. 2021-001790-FH

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

Defendant appeals by right her jury-trial conviction of malicious destruction of fire or police property, MCL 750.377b. The trial court sentenced defendant to serve a term of nine months in jail. On appeal, defendant argues that her conviction was not supported by sufficient evidence.[1] We affirm.

---

[1] Defendant also argues under a subheading in her brief that the Oscoda County Sheriff's Department failed to preserve the subject police property, a police vehicle, in violation of *Arizona v Youngblood*, 488 US 51; 109 S Ct 333; 102 L Ed 2d 281 (1988), and *People v Richards*, 315 Mich App 564, 581; 891 NW2d 911 (2016), rev'd in part on other grounds, 501 Mich 921 (2017). However, defendant did not properly present this issue by raising it in the statement of questions presented in her brief on appeal. See MCR 7.212(C)(5). Moreover, defendant failed to adequately brief the merits of this issue. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Accordingly, we decline to address it.

Regardless, we briefly note that Oscoda County Sheriff's Department Deputy Brandon Buchanan indicated at trial that his department recently had "gotten rid of a lot of Impalas," including the vehicle in dispute in this case. There is nothing in the record to suggest that this departmental upgrade, and disposition of their Impala patrol cars, including the one defendant damaged, was

-1-

## I. BACKGROUND

On October 26, 2021, the Oscoda County Prosecutor filed a felony information charging defendant with one count of malicious destruction of fire or police property, MCL 750.377b, and one count of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). At defendant's trial, Deputy Buchanan testified that on September 11, 2021, he was driving defendant from the Alpena County Jail to the Ogemaw County Jail. Buchanan further testified:

> [Defendant] had moved from the passenger side of the vehicle to the driver's side. She began bending over . . . out of my view from the rearview mirror which I had to move around as she was to keep an eye on her. She had bend [sic] down behind the driver's seat. I could hear her messing with something, but I figured that it was just the metal sheeting as I didn't figure there was anything to really mess with in the backseat of the patrol car. But I did hear something in the middle of, by the maglock, and once looking I [saw] the wire running to that mag lock tension up real quick.[2]

> * * *

> [I could hear] the sounds of her handcuffs moving around, and the wire kind of moving against the metal sheeting in . . . the patrol car that separates the front of the vehicle to the back.

Buchanan told defendant, "[D]on't do it." He testified that "[t]he [mag lock] wires where [sic] then yanked from the lock." He further testified that the wires attached to the mag lock were not broken prior to defendant being in the car. The prosecutor introduced photographs depicting the lock inside the driver's cab with small wires that were severed, and a larger severed wire on the floor behind the driver's seat of Buchanan's patrol car. When the prosecutor asked Buchanan if he found the wires in that condition when he looked in the backseat after the drive, he responded, "I stopped at [Ogemaw] and had gotten [defendant] out . . . . And I might have grabbed a hold of the wire, but I don't believe I had moved it out further than what it was." The jury found defendant guilty of malicious destruction of police property, but acquitted her of the charge of assaulting, resisting, or obstructing a police officer.

## II. ANALYSIS

"This Court reviews de novo whether there was sufficient evidence to support a conviction." *People v Kenny*, 332 Mich App 394, 402; 956 NW2d 562 (2020). "In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. at 402-403.

---

performed in bad faith, a key element of a *Youngblood* claim. See *Richards*, 315 Mich App at 581.

[2] Buchanan testified that "mag lock" refers to the device between the driver's seat and the front passenger's seat of some police cars that holds a rifle in place.

"Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime." *Id*. at 403.

MCL 750.377b provides, "Any person who shall wilfully and maliciously destroy or injure the personal property of any fire or police department . . . shall be guilty of a felony." "The essential elements of malicious destruction of police property are that the defendant did (1) willfully and maliciously destroy or injure, (2) personal property belonging to the police department." *People v Richardson*, 118 Mich App 492, 494; 325 NW2d 419 (1982).[3] "The phrase willfully and maliciously means that the defendant committed the act while knowing it to be wrong and without any just cause or excuse and did it intentionally or with a conscious disregard of known risk to the property of another." *Id*. at 496 (quotation marks and citation omitted). Thus, malicious destruction of fire or police property is a specific-intent crime. *Id*. "Intent may be inferred from a defendant's words, acts, means, or the manner used to commit the offense." *People v Bosca*, 310 Mich App 1, 21; 871 NW2d 307 (2015) (quotation marks and citation omitted), rev'd in part on other grounds, 509 Mich 851 (2022).

Deputy Buchanan testified that during the drive from the Alpena County Jail to the Ogemaw County Jail, defendant moved from the passenger side of his patrol car to the driver's side. He saw defendant bend over and then heard noises that sounded like her handcuffs hitting the metal divider inside the car. He heard noise coming from the center of the car where the mag lock was located and, shortly after hearing this noise and telling defendant, "[D]on't do it," the wires broke. The photographs that the prosecutor introduced provided physical evidence that the wires previously attached to the patrol car's mag lock were in fact broken. Further, Buchanan testified that the wires were intact prior to defendant being in his patrol car. Accordingly, because this Court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict" and must view the evidence "in the light most favorable to the prosecution," *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (cleaned up), Buchanan's testimony and the photographs supplied sufficient evidence for the jury to find beyond a reasonable doubt that defendant destroyed the mag lock wires.

Defendant argues that even if the jury could find that she broke the wires, there was insufficient evidence to establish that she did so "wilfully and maliciously." MCL 750.377b. However, Deputy Buchanan testified that defendant moved from the passenger side of his patrol car to the driver's side before he heard the noises previously described. This testimony permits a reasonable inference that defendant moved to the driver's side for the purpose of destroying the mag lock wires and therefore intended to destroy them. In addition, Buchanan testified that he told defendant, "[D]on't do it," but she nonetheless proceeded with her conduct. This suggests that defendant was made aware that she was engaged in wrongful conduct even if, however unlikely, she already was not aware of that fact. See *Richardson*, 118 Mich App at 496. There also was testimony by the mechanic who subsequently repaired the mag lock that its wires were

---

[3] Although this Court is "not strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990, . . . they are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) (emphasis omitted).

made to be "double strong" and would not become dislodged simply through accidental contact. Accordingly, the jury reasonably could have found that defendant was put on notice that her conduct was wrongful but, yet, she still decided to destroy the property at issue. In other words, the testimony permits a reasonable inference that defendant knew that severing the mag lock wires was wrong and that she did so intentionally. See *id*. The evidence, therefore, was sufficient to establish the "wilfully and maliciously" element beyond a reasonable doubt.

### III. CONCLUSION

The evidence was sufficient to prove that defendant was guilty of malicious destruction of fire or police property beyond a reasonable doubt. We affirm.

/s/ Philip P. Mariani
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney